# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
TONY DIAB, BAR NO. 12954.

No. 77318

**FILED**

JAN 14 2019



## *ORDER OF DISBARMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Tony Diab be disbarred based on violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 3.4 (fairness to opposing party or counsel), and RPC 8.4(c) (misconduct). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Diab committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the charges alleged in the complaint are deemed admitted because Diab withdrew his answer and requested a default be entered against him, resulting in the panel entering a default. SCR 105(2).

The record therefore establishes that Diab violated the above-referenced rules. He redirected a $375,000 settlement payment, which was to be deposited directly into a client's account, and had it deposited into his own personal bank account. When the client inquired about the settlement payment, Diab falsely asserted that he was negotiating the deposit with the opposing party and went as far as to provide the client with a fraudulent email from opposing counsel contesting the payment. After, the client called

the opposing party and learned that the payment was made to Diab directly, Diab promised to repay the client but only if the client signed an agreement releasing any claims the client may have against Diab. Needing the funds, the client signed the agreement without having another attorney review it, but the client did not understand that the agreement allowed Diab to keep $372,000 of the $375,000 payment. Once the client retained outside counsel to sue Diab, Diab forged a retainer agreement, which he alleged was signed by the client in person on December 2, 2016, and that provided that Diab could retain the $375,000 as attorney fees. The client, however, provided travel receipts demonstrating that he could not have signed the agreement in person on that day because he was not in California, as alleged by Diab. Diab's former employer eventually settled the matter with the client, agreeing to pay the client $375,000, plus the attorney fees and costs the client incurred in recovering that amount.

Additionally, Diab represented the same client's brother in a criminal matter, in which Diab told to the client and his brother that he had successfully had a warrant for the brother's arrest quashed. Diab even provided the brothers an order quashing the arrest warrant. Diab, however, never made an appearance in the criminal matter or filed anything on behalf of the brother in the matter and the arrest warrant was still pending. The order Diab gave the client and his brother was fraudulent: it was from a different court than the one to which the brother's matter was assigned and included a forged signature of a judge.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although, we "must . . . exercise independent judgment," the panel's recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In

Supreme Court
of
Nevada

(O) 1947A

determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Diab knowingly violated duties to his clients (diligence, communication), the public (failure to maintain personal integrity), and the profession (misconduct). Diab's misconduct injured his clients. Specifically, his client had to retain new counsel to recover the settlement funds and he was deprived of those funds for a period of time preventing him from expanding his business and resulting in a loss of business opportunities. Diab's misconduct also injured the integrity of the profession. The baseline sanction for Diab's misconduct before considering aggravating and mitigating circumstances is disbarment. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 5.11 (Am. Bar Ass'n 2017) (providing that disbarment is appropriate if an attorney "engages in serious criminal conduct, a necessary element of which includes . . . misrepresentation, fraud, . . . misappropriation, or theft" or "engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice").

The record supports the hearing panel's findings of three aggravating circumstances (dishonest or selfish motive, pattern of misconduct, and multiple offenses) and one mitigating circumstance (absence of prior disciplinary record). We agree with the panel that the single mitigating circumstance does not warrant discipline less than disbarment, particularly considering the aggravating circumstances.

SUPREME COURT
OF
NEVADA

(O) 1947A

Further, because Diab's misconduct was extreme and he went to great lengths to cover up his initial acts of misconduct, including fraudulently creating an email, a retainer agreement, and a district court order, disbarment is appropriate.

Accordingly, we disbar attorney Tony Diab from the practice of law in Nevada. Such disbarment is irrevocable. SCR 102(1). Diab shall pay the costs of the disciplinary proceedings, including $3,000 under SCR 120, within 30 days from the date of this order. Further, to the extent Diab's actions have not been reported to law enforcement, we direct the State Bar to refer this matter to the appropriate law enforcement agencies. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

cc:   Chair, Southern Nevada Disciplinary Panel
Tony M. Diab
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court

